IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYRUS JONATHAN GEORGE,**

      **Plaintiff,**

v.                                                   **Civil Action No. 2:06cv90**
                                                          **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**
**DEBBIE STEVENS, JOYCE FRANCIS,**
**ALICE LOWE, DUANE HEADY,**

      **Defendants.**

## ROSEBORO NOTICE

On November 6, 2007, the defendants filed a Motion to Dismiss or, Alternatively, Motion for Summary Judgment in the above-styled case. Because the plaintiff is proceeding *pro se,* the Court has a mandatory duty to advise him of his right to file responsive material and to alert him to the fact that his failure to respond could result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Further, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint are true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957).

In addition, the plaintiff is also advised that summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322.

When a moving party supports its Rule 56 motion with affidavits and other materials, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted).

Therefore, within **thirty (30) days** of the date of this Order, the plaintiff shall file any opposition he has to the defendant's motion, explaining why his case should not be dismissed.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Order to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 8, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE