IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**CYRUS JONATHAN GEORGE,**

        **Petitioner,**

v.                                                **Civil Action No. 2:06cv90**
                                                     **(Judge Maxwell)**

**UNITED STATES OF AMERICA,
DEBBIE STEVENS,
JOYCE FRANCIS,
ALICE LOWE AND
DUANE HEADY,**

        **Respondents.**

## REPORT AND RECOMMENDATION/OPINION

### I. Procedural History

The *pro se* plaintiff initiated this case on September 15, 2006, by filing a civil rights compliant against the above-named defendants. On September 25, 2006, the plaintiff was granted permission to proceed as a pauper. The plaintiff paid his initial filing fee on October 20, 2006. Consequently, on July 18, 2007 the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Thus, the Clerk was directed to issue summonses and forward copies of the complaint to the United States Marshal Service for service of process.

On November 6, 2007, the defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. A <u>Roseboro</u> Notice was issued two days later.

On December 6, 2007, the plaintiff filed a Response to the Defendants' Motion to Dismiss

and filed a Motion for Summary Judgment.

On December 14, 2007, the defendants filed a Response to the Plaintiff's Motion for Summary Judgment.

On December 18, 2007, the defendants filed a Supplemental Response to the Plaintiff's Motion for Summary Judgment.

This case is before the undersigned for a Report and Recommendation on the defendant's Motion to Dismiss or for Summary Judgment and plaintiff's Motion for Summary Judgment.

## II. The Pleadings

### A. The Complaint

On September 15, 2006, the plaintiff, a federal inmate currently incarcerated at the Federal Correctional Institution, ("FCI") Gilmer, West Virginia, filed this *pro se* complaint under 28 U.S.C. § 1331, in accordance with Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388,(1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. In his complaint, plaintiff alleges that the Bureau of Prisons ("BOP") was negligent in enforcing its rules regarding collection of funds under the Inmate Financial Responsibility Program ("IFRP"). Additionally, plaintiff contends that in his administrative FTCA proceeding, the individual defendants filed a false statement to prevent him from recovering damages and hence committed a criminal offense against the United States. Furthermore, plaintiff contends that the defendants violated his due process rights by the submission of such false statements and seeks punitive damages in the amount of $10,000 from each individual defendant. Plaintiff additionally seeks to recover the $100.00 in fine payments he made under the IFRP while at FCI Gilmer, in addition to $64.12 in litigation costs he incurred in a prior habeas petition challenging his fine payment schedule, costs incurred in filing the

2

administrative tort claim, and interest.

According to the record, on May 26, 1993, the United States District Court for the Northern District of West Virginia sentenced the plaintiff to 480 months incarceration for numerous violations of the RICO act. Included in the District Court's Judgment and Commitment Order was the standard $100.00 special assessment fee and a $20,000.00 fine. The sentencing court specifically ordered that the fine be paid "in installments according to the following schedule of payments: The defendant shall pay a fine of $20,000.00 during his period of federal incarceration and his employment at the direction of the Bureau of Prisons." Pursuant to regulations published at 28 C.F.R. § 545.10, et seq., the Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. Inmates are strongly encouraged to participate in the Inmate Financial Responsibility Program, which is designed to assist inmates in meeting their financial responsibilities during their incarceration.

In May 2003, the plaintiff was transferred to FCI Gilmer from FCI Cumberland, Maryland. According to the plaintiff, pursuant to an interpretation of the Fourth Circuit's decision in <u>United States v. Miller</u>, 77 F.3d 71 (4th Cir. 1996)[1], FCI Cumberland officials had exempted him from participating in the IFRP program. However, upon review of plaintiff's Judgment and Commitment Order by the FCI Gilmer staff, a determination that the plaintiff was in fact not exempt from participation in the IFRP program due to <u>Miller</u> was found. Thus, FCI Gilmer staff established a payment schedule for petitioner to meet the requirements of the Judgment and Commitment Order.

---

[1] Holding that the district court erroneously delegated its authority to set the amount and timing of defendant's fine and restitution payments to the Bureau of Prisons and/or probation officer, without retaining ultimate authority over such decisions.

Upon learning of the change in status, the petitioner refused to sign the payment schedule and was placed in IFRP refuse status.

Upon some reflection, the plaintiff enlisted in the IFRP during the pendency of a habeas action he filed challenging the execution of the fine payment portion of his sentence. However, the plaintiff contends he only enlisted in the program to avoid further punitive sanctions. Because of his enlistment, plaintiff incurred four payments being made through the program, totaling $100.00. During plaintiff's habeas case, FCI Gilmer staff reviewed his Judgment and Commitment Order and concluded that the language did violate the Miller decision. Therefore, the plaintiff was ultimately placed in IFRP "no obligation" status. Currently, the plaintiff remains on IFRP no obligation status.

**B.  The Defendants' Motion**

In their motion, the defendants assert that the plaintiff's FTCA claims should be dismissed on the following grounds:

(1) the only proper defendant under the FTCA is the United States; and

(2) the plaintiff has failed to state a negligence claim.

The defendants further assert that the plaintiff's Bivens claims should be dismissed because the plaintiff has failed to exhaust his administrative remedies, that the complaint otherwise fails to state a claim upon which relief can be granted, and that even assuming that a claim has been stated, the defendant is entitled to qualified immunity. Thus, the defendants request that this action be dismissed with prejudice or, in the alternative, that summary judgment be entered in their favor.

**C.  The Plaintiff's Reply**

In his motion in opposition to the defendants' response, the plaintiff asserts that he did fully exhaust his administrative remedies. In addition, the plaintiff asserts that he has raised cognizable

claims for which relief should be granted. Therefore, the plaintiff requests that the defendants' motion be denied.

### III. Standard of Review

**A.** **Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the well-pleaded material factual allegations. Advanced Health Care Services, Inc., v Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.** **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid

weighing the evidence or determining the truth or limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence' of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue at trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Analysis

### A. Plaintiffs' FTCA Claim

Pursuant to 28 U.S.C. § 2679, a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment.[2] The FTCA waives the federal governments' traditional

---

[2] Accordingly, to the extent that the plaintiff attempts to sue the individual federal defendants under the FTCA, those claims must be dismissed. The only proper defendant under the FTCA is the United States.

6

immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because all of the alleged acts occurred in West Virginia, the substantive law of West Virginia governs this case.

In order to establish a prima facie case of negligence, "the plaintiff must show affirmatively the defendant's failure to perform a duty owed to the former proximately resulting in injury." Kiern v. McLaughlin, 121 W.Va. 30 (1939). Thus, the negligence issue is three fold: (1) did FCI Gilmer owe a duty to the plaintiff while he was incarcerated ; (2) did they breach that duty; and (3) was that breach of duty the proximate cause of the plaintiff's injuries. Under 18 U.S.C. 4042(a)(2), the defendant is required to provide "suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witness or otherwise." Furthermore under 18 U.S.C. 4042(a)(3), the defendant is required to provide "for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

The supervision, control, and administration of prisons and prisoners generally are not matters within the authority of the courts Martin v. White, 742 F.2d 469 (8th Cir. 1984), but of prison administrators who possess considerable discretion in the regulation of internal institutional affairs. Wolfel v. Bates, 707 F.2d 932 (6th Cir. 1983). Wide-ranging deference is to be accorded by the courts to the decisions of prison administrators Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119 (1977), with regard to the administration of their institution and their discretion should not be interfered with by the courts in the absence of abuse or unless exercised unlawfully,

arbitrarily, or capriciously. In re Parker, 151 Cal.App. 3d 583 (1st Dist. 1984).

Generally, the Federal Tort Claims Act's discretionary function exception bars any recovery predicated on classification of inmates. Bailor v. Salvation Army, 854 F. Supp. 1341 (N.D. Ind. 1994), judgment aff'd, 51 F.3d 678 (7th Cir. 1995). Additionally, the Federal Tort Claims Act protects prison officials from liability for a variety of day-to-day decisions, including: minute-to-minute decision making in the chaotic circumstances of a riot Buchanan v. U.S., 915 F.2d 969 (5th Cir. 1990); the failure to protect an inmate from an attack by another inmate Cohen v United States, 151 F.3d 1338 (11th Cir. 1998), *cert. denied*, 526 U.S. 1130; the release of an inmate to a halfway house, from which the inmate subsequently escaped and then raped and assaulted the plaintiff Bailor v. Salvation Army, 51 F.3d 648 (7th Cir. 1995); and a prison counselor's failure to warn an inmate that his youthful appearance made him vulnerable to attack and the counselor's decision to not place the inmate in protective custody. Dykstra v. United States Bureau of Prisons, 140 F.3d 791 (8th Cir. 1998).

In the present action, plaintiff contends that the Bureau of Prisons was negligent in improperly withholding IFRP payments in the amount of $164.12. See Complaint (dckt. 1) p.11. Plaintiff contends that the Bureau of Prisons failed to follow its policies and regulations regarding the IFRP and that these policies and regulations establish the duty that was owed to him. Id. Here, the BOP, using its own discretion and judgment in applying its own procedures, mislabeled the petitioner's status. The facts of the record show that the classification was not based on bad faith. Instead, the BOP made a simple classification mistake, which it later corrected. Therefore, at best, any harm to the petitioner was *de minimus*.

Furthermore, plaintiff, by his own admissions, was aware of the withdrawals from his

prisoner account. See Complaint (dckt. 1) p. 6. During the time of his habeas proceedings, the plaintiff enlisted into the IFRP program. Id. Despite his own colorful contention otherwise, nothing in the record reflects that the plaintiff was forced to enlist into the program. Instead, the record shows that the plaintiff voluntarily entered the IFRP program on his own free will. Hence, plaintiff was full aware that payments were being subtracted from his account. Thus, plaintiff cannot now have the payments returned to him through the FTCA. Therefore, plaintiff's contentions are without merit and should be dismissed.

**B.    Plaintiffs' Bivens Claims**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes" Id., and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

The Bureau of Prisons makes available to its inmates a three level administrative remedy

9

process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

While incarcerated at FCI Gilmer in 2004, plaintiff filed administrative actions for all three required levels, alleging that the Miller decision applied in his case and requesting that he be placed in IFRP Exempt status. See Motion (dckt. 30) Exhibit 1. At each level, plaintiff's remedies were denied. Id. However, for the purpose of the present action, the record reflects that none of plaintiff's prior administrative actions addressed his claims with regard to any alleged false statements made by the defendants. Additionally, none of the claims addressed any violation of his due process rights on the part of the defendants. Plaintiff's Bivens claims in the instant case arise out of the defendants' alleged false statements made during the course of plaintiff's FTCA administrative proceeding. As stated earlier, plaintiff's administrative actions regarding his Miller exemption were finished prior to his administrative tort claim being filed. Therefore, because the plaintiff has failed to file any administrative action regarding the conduct alleged in his Bivens claims, exhaustion has not been completed and plaintiff's contention must be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendants' Motion to Dismiss, or for Summary Judgment (dckt. 30) be **GRANTED** and that the complaint be

**DISMISSED without prejudice**. Additionally, the undersigned recommends that the plaintiff's Motion for Summary Judgment (dckt. 33) be **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 1, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE